### EDMUNDS T. BROWN CO. v. ALLEN.

1. FRAUD—CREDITORS.—DEED held to be without consideration, made and received with intent to hinder and delay creditors, and void.

2. IBID.—CAUSE OF ACTION—PARTNERSHIP—NULLA BONA—VOLUNTARY DEED—RECEIVER.—A CREDITOR having *nulla bona* return as to partners in a judgment against a firm may maintain an action to set aside a voluntary and *mala fide* deed of one member as a fraud upon creditors, before the firm assets, in the hands of a receiver, have been exhausted, where it is not shown that such assets are sufficient to pay firm debts.

Before KLUGH, J., Abbeville, October, 1898.   Affirmed.

Action to set aside voluntary deed by Edmonds T. Brown Co., Marshall, Wescoat & Co., and Stern & Co., against B.

Berrian Allen and David K. Cooley, late partners under the firm name of Allen & Cooley, Katurah W. Allen, Gibbes & Co., and F. W. R. Nance, as sheriff of Abbeville County. The facts are thus stated by the master:

This is a creditor's bill, brought by the plaintiffs for the purpose of collecting their debts out of the property of the defendant debtor, under circumstances where the process of execution at common law cannot afford relief. On the 7th of October last, B. Berrian Allen, one of the defendants herein, conveyed a tract of land consisting of several parcels, containing in all some 800 acres, and known as the Allen & Cooley tract, to his wife, Keturah W. Allen, for the sum of $100. This was all the real estate which he then owned. Some three years before that he had conveyed to his wife his home place, consisting of some 900 acres, for $2,500. This action is brought to set aside the conveyance from B. Berrian Allen to his wife of the 800 acres referred to above—the Allen & Cooley tract—on the ground that it was voluntary, and that it was fraudulent and void, and made with intent to hinder, delay and defeat the claim of creditors. Mrs. Allen maintains that the consideration for the Allen & Cooley place was not $100, as expressed in the deed, but was, in fact, in round numbers $3,500. Previous to this time B. Berrian Allen had been a member of the firm of Allen & Cooley, doing a general mercantile business at Lowndesville, D. K. Cooley being the other partner. The firm had been in business for several years. In the fall of 1897, and a short time before the conveyance above referred to from Allen to his wife of the Allen & Cooley tract, the partnership was dissolved, and D. K. Cooley agreed to shoulder the liabilities of the firm. In the settlement between them the tract now in dispute was conveyed from D. K. Cooley to B. B. Allen. At the time of the dissolution of the partneship, the firm owed a considerable amount to various creditors, among whom were these plaintiffs. After the dissolution of the firm, the plaintiffs reduced their claims to judgment, and there was a return of *nulla bona* both as to Allen and Cooley. The plain-

tiffs are now attempting to set aside this deed from Allen to his wife on the ground that it was voluntary and fraudulent, and made with intent to defeat the claim of creditors. Plaintiffs claim that at the time of the dissolution, B. B. Allen owned the tract which is now in dispute, and that it was applicable to the firm debts, and that the conveyance of October 7, 1897, to his wife was voluntary, fraudulent and void. The issue then is this: Was the conveyance from Allen to his wife fraudulent or not—was the conveyance voluntary and made with fraudulent intent? Or was it *bona fide* and for a valuable consideration? Mrs. Allen says that her husband was indebted to her in various amounts, a part of which went to make up the consideration of this deed, $3,500. She says she got from her father's estate $850, which with interest for eight years made $1,530; that she got from her grand-mother's estate $300 in 1880, which went into her husband's hands, and which he loaned out at ten per cent. previous to the usury law act. The $850 above referred to as coming from her father's estate, her husband also had, and the interest was due by him. The above she claims were loans to her husband, and were a part of the consideration of the deed in dispute. The balance came from the rent due her by her husband from the home place for the three years 1895, 1896 and 1897.

From report of the master setting aside the deed as a fraud upon the creditors of B. B. Allen, the defendants, K. W. Allen and B. B. Allen, excepted, and the report was confirmed by Circuit Court. From this decree the same defendants appeal.

*Messrs. Wells, Ansel & Cothran,* for appellants, cite: *A voluntary deed is not a fraud upon creditors, where grantor's insolvency is brought about by some unexpected agency over which he had no control:* 3 S. C., 498. *Should the Court set the deed aside pending the receivership proceedings?* Bail. Eq., 142.

*Mr. M. P. DeBruhl,* contra, cites: *Findings of fact by the master, concurred in by the Circuit Judge, must under the well settled rule be accepted here:* 28 S. C., 443; 20 S. C., 231. *If deed was without consideration, it must be set aside, unless it comes within one or more of the exceptions:* 14 Rich. L., 100; 3 S. C., 500; Bail. Eq., 141; 2 Hill Ch., 31; 52 S. C., 132, 471. *This case is similar to Mitchell v. Mitchell;* 42 S. C., 475. *And must be set aside if made with fraudulent intent, even though upon full consideration:* 2 Hill Ch., 31; Bail. Eq., 143; 34 N. J. Eq., 19; 49 Fed. R., 506. *Burden of proof on wife:* 55 Wis., 410; 42 Mich., 477.

*Mr. Frank B. Gary,* also contra, cites: *The rule is that every voluntary conveyance is void as against creditors:* Rev. Stat., 1888, 1891; 1 Bail., 582; 1 Bail. Eq., 142, 228; 2 Hill Ch., 629, 31; Rice Eq., 185, 300; Bail. L., 118; 3 Rich. Eq., 33; 2 Rich. Eq., 356; 10 Rich. L., 72; 7 Rich. Eq., 136; 2 Bail., 324; 4 S. C., 256. *Was the deed voluntary?* 21 S. C., 270; 19 S. C., 606. *Exceptions to general rule:* 1 Bail., 584; Bail. Eq., 228; 3 S. C., 501. *Kind of proof required in cases of deeds between near relatives as against creditors:* 32 S. C., 171; 35 S. C., 431; 27 S. C., 97; 42 S. C., 475.

November 22, 1899. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action is by creditors of Allen & Cooley to set aside, as voluntary and fraudulent, a conveyance of land by B. B. Allen, a member of the firm of Allen & Cooley, to his wife, K. W. Allen. The master found as matter of fact that plaintiffs were existing creditors at the time of the conveyance, that the conveyance was without consideration, and that it was made with intent of both parties to hinder, delay and defeat the creditors of B. B. Allen. The Circuit Court concurred with the master in his findings of fact, and adjudged conveyance void. We do not deem it necessary, in overruling appellants' exceptions to the findings

of fact, to enter into a discussion of the evidence reported. It is sufficient to say that we have carefully considered the evidence, and concur with the Circuit Court that the deed was not only without consideration, but was made and received with intent to hinder and delay the creditors of the grantor. The inevitable conclusion of law is that the deed is void as to creditors.

It appears that a receiver of the property of Allen & Cooley has been appointed in a proceeding by B. B. Allen against D. K. Cooley—see *Allen* v. *Cooley,* 53 S. C., 414; and appellants assign error in not holding that as the Court of Equity was in possession, through its receiver, of assets sufficient to pay the debts of Allen & Cooley, the plaintiff should await the determination of the proceedings for a receiver of the partnership assets before resorting to the real estate of a voluntary grantee. But we think there was no error in this. It does not appear that there are assets of Allen & Cooley sufficient to pay the creditors, and the conveyance in question was not merely voluntary, but was also *mala fide.* Reference may be had to the report of the learned master for a statement of the facts bearing upon the case.

The judgment of the Circuit Court is affirmed.